**UNITED STATES of America,**
**Appellant,**

v.

**BANK OF LEIPSIC COMPANY,**
**Appellee.**

**No. 13802.**

United States Court of Appeals
Sixth Circuit.

Dec. 2, 1959.

Karl Schmeidler, Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Louise Foster, Washington, D. C., Russell E. Ake, U. S. Atty., Cleveland, Ohio, Richard M. Colasurd, Asst. U. S. Atty., Toledo, Ohio, on brief, for appellant.

Roger H. Smith, Toledo, Ohio, LeRoy E. Eastman, Warren E. Buckey, of Eastman, Stichter & Smith, Toledo, Ohio, on brief, for appellee.

Before MARTIN, CECIL and WEICK, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment of the District Court awarding a refund to the appellee, The Bank of Leipsic Company, of income and excess profits taxes paid for the calendar years 1952, 1953 and 1954 in the total amount of $64,276.-51.

The sole issue in the case is whether the bank was exempt from such taxes under the provisions of Section 3798(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3798(b), and Section 7507(b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7507(b).

The Superintendent of Banks of Ohio closed the bank on January 13, 1932 and took custody and control of its property and business, subject to the jurisdiction of the Court of Common Pleas of Putnam County, Ohio.

On October 11, 1932 the bank was re-opened under a plan of reorganization approved by the Superintendent of Banks and the Common Pleas Court. The plan provided that depositors of the bank waive 40% of their deposits amounting to $387,609.11.

The plan further provided for the protection and repayment to the depositors as follows:

"All securities and other assets which are ordered out of the assets of the bank by the State Banking Department are to be trusteed for the benefit of all depositors so waiving said forty (40%) per cent of their deposits, and the proceeds derived fom the liquidation, and/or sale of said trusteed assets are to be paid from time to time to said depositors until such assets are entirely liquidated.

"It is understood that the stockholders, their heirs or assigns, of The Bank of Leipsic Company, shall not participate in dividends of any kind upon said stock until said depositors shall have been paid in full. And until said time, such Undivided Profits as may not be required by law and by order of Superintendent of Banks, held for the benefit of said bank, may be credited in the Trustees' account in which said assets so taken out are placed, and shall inure to the benefit of said depositors so waiving said forty (40%) per cent of their said deposits. It is understood that all of the capital stock of said bank will be trusteed, but such trusteeing of said capital stock shall not be construed in any way as releasing the stockholders, their heirs or assigns, from their constitutional, statutory and individual liability. The stockholders, their heirs or assigns, will also agree not to transfer any of their property for the purpose of escaping or evading payment of their said liability as such stockholders."

From time to time payments from undivided profits were made by the bank to the depositors, with the approval of the Superintendent of Banks and the Federal Deposit Insurance Corporation, and from segregated assets. The depositors were paid in full in 1955.

At various times the amounts which the bank wished to distribute to its depositors were reduced by the Superintendent of Banks. He took the position that to allow the larger payments would result in an impairment of the bank's financial structure.

It was the theory of the Government that in 1952, 1953 and 1954, the bank had sufficient surplus to have paid its depositors in full and thereby terminated its tax exemption, and its failure to do so did not obviate its tax liability.

But, although on paper the bank appeared able to make the payments, it was in fact unable to do so. The Superintendent of Banks acting in conjunction with the representative of the Federal Deposit Insurance Corporation determined the amounts which could be safely paid by the bank to depositors. The Superintendent of Banks testified that it would have placed the bank in jeopardy of closing if he had permitted greater payments out of earnings to depositors than those actually made.

The Internal Revenue Code of 1939 provides:

"§ 3798. Exemption of insolvent banks from tax.

\*   \*   \*   \*   \*   \*

"(b) Whenever any bank or trust company, a substantial portion of the business of which consists of receiving deposits and making loans and discounts, has been released or discharged from its liability to its depositors for any part of their claims against it, and such depositors have accepted, in lieu thereof, a lien upon subsequent earnings of such bank or trust company, or claims against assets segregated by such bank or trust company or against assets transferred from it to an individual or corporate trustee or agent, no tax shall be assessed or collected, or paid into the Treasury of the United States on account of such bank, or trust company, such individual or corporate trustee or such agent, which shall diminish the assets thereof which are available for the payment of such depositor claims and which are necessary for the full payment thereof. \*   \*   \* "
26 U.S.C. 1952 Ed., Section 3798.

Section 7507 of the Internal Revenue Code of 1954 is substantially the same.

The District Court found and the Government here concedes that under the plan the depositors had a lien on the assets of the reopened bank which is the first requirement of the statute.

The only remaining question is whether the tax would diminish assets available and necessary for the full payment of the depositors.

R. W. Wortman, Secretary of the bank, testified that if the bank had been required to pay federal income and excess profits taxes for the taxable years in question, no payments could have been made to depositors.

The Superintendent of Banks and the Supervisory Examiner of the Federal Deposit Insurance Corporation testified that the assessment and payment of the taxes in said years would have, at least, reduced the payment to depositors in the amount of the taxes.

The District Court found as a fact that the payments to depositors would have been reduced by the amount of such taxes.

It was not proved or even claimed that either the Superintendent of Banks or the representative of the Federal Deposit Insurance Corporation acted arbitrarily, improperly or abused their discretion in limiting the payments to depositors to amounts which in their judgment would preserve the financial integrity of the bank.

The findings of fact adopted by the District Judge are abundantly supported by the evidence. In our judgment, they bring the case clearly within the statutory exemption.

Chief Judge Kloeb, in an oral opinion, relied on the case of Farmers & Merchants Bank, Ceresco, Nebraska v. Commissioner, 8 Cir., 1949, 175 F.2d 846, which supports his conclusion. He distinguished the case of DeKalb Trust & Savings Bank v. United States, 7 Cir., 1958, 253 F.2d 53, relied upon by the Government, principally on the ground that the depositors in that case had no lien upon the assets of the reopened bank which is one of the requirements of the statute.

In the Farmers & Merchants Bank case, supra, the Court said (175 F.2d at page 850):

"It may further be added that the purpose of section 3798(b) manifestly is one of beneficent policy toward the depositors of insolvent banks rather than one of exemptive favor to the banks themselves. Cf. Clinton Trust Co. v. United States, 52 F. Supp. 671, 679, 100 Ct.Cl. 348. This purpose may not be lightly ignored, in any construction or application of the section, as between the Commissioner's or a Collector's attempt to treat it as a mere technical exemption and the right of the depositors of a previously distressed bank, who have released the bank from liability

for part or all of their deposits and have accepted in lieu thereof a lien upon the bank's future earnings, to recoup the amount of their released claims."

The judgment of the District Court is, therefore, affirmed.